**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| SHEILA HILPIPRE and JIM PATERSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KENCO LOGISTICS SERVICES, L.L.C.,<br><br>Defendant. | No. C 12-3034-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO ISSUE NOTICE** |

_____

This is a putative class action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the Iowa Wage Payment Statute, IOWA CODE § 91A *et seq.*, against defendant Kenco Logistics Services, L.L.C., (Kenco). The claims seek overtime compensation for time spent prior to the start of the plaintiffs' shifts to perform calisthenics and other exercise, washing and maintaining personal protective equipment at home, and attending unscheduled post-shift meetings and working past scheduled shifts when Kenco did not meet daily production goals. The plaintiffs filed their Class Action Complaint, Representative Collection Action Complaint, And Jury Demand (docket no. 1) on May 22, 2012. Kenco filed its Answer (docket no. 19) on August 1, 2012, denying the plaintiffs' claims and asserting sixteen affirmative defenses.

This case is now before me on the parties' August 24, 2012, Stipulated Motion To Issue Notice (docket no. 20). In their Stipulated Motion, the parties request that the court approve the form and distribution of a Notice and proposed Opt-In Consent Form to putative class members, as well as conditional certification of a § 216(b) collective

action, without prejudice to Kenco's arguments for decertification of the class at a later date. In Exhibit B, the proposed Notice Of Collective Action Lawsuit, the people eligible to join this lawsuit, *i.e.*, the putative class members, are defined as follows:

> [A]ll individuals who:
>
> 1. were directly employed by Kenco (not a temporary service) in the State of Iowa as hourly paid, non-exempt, production employees or other similarly titled positions at any time between May 22, 2009, and May 22, 2012,
>
> 2. did <u>not</u> sign a Separate Agreement when the plant closed,
>
> 3. worked unpaid time before or after the start of their scheduled shifts, and/or
>
> 4. were required to maintain their personal protective equipment on their own time.

Stipulated Motion, Exhibit B, § III (emphasis in the original).

In mid-2008, in *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890-94 (N.D. Iowa 2008), I addressed in some detail the legal standards for collective actions under 29 U.S.C. § 216(b) and, more specifically, the requirements for conditionally certifying such a collective action. I noted that the Eighth Circuit Court of Appeals had not yet elaborated on what "similarly situated" means, for purposes of a collective action and authorization of notice, *see id*. at 890, and I now note that the Eighth Circuit Court of Appeals still does not appear to have done so. Thus, I will turn directly to application of the standards set out in *Bouaphakeo* to the question of conditional certification of a collective action in this case.

In light of the parties' Stipulation, I conclude that the plaintiffs have made more than mere allegations to support their contention that similarly-situated potential plaintiffs exist. *See id*. at 892. Evidence that Kenco has identified a list of 102 putative

collective action members and the fact that thirteen such persons have already joined this action is persuasive evidence that the defendant employer should be put to the expense and effort of notice to a conditionally-certified class of claimants. *See id*. at 892 & 896. Similarly, the parties' Stipulation is adequate evidence of a widespread discriminatory plan (without prejudice to Kenco's eventual challenges to final certification on this or any other ground), as well as evidence that a manageable class exists. *See id*. I conclude that, on the present showing, conditional certification is appropriate, because the plaintiffs have offered more than substantial allegations that the putative collective action members were similarly-situated and were together the victims of a single decision, policy, or plan. *Id*. at 896-97. I also find the parties' stipulated definition of the class and the form of Notice are appropriate under the circumstances. *Id*.

THEREFORE, the parties' August 24, 2012, Stipulated Motion To Issue Notice (docket no. 20) is **granted**, as follows:

1. This action is **conditionally certified** as a § 216(b) collective action without prejudice to Kenco proffering its arguments against continued certification at the second, or decertification, state of the proceedings, after substantial and reciprocal discovery has been completed;

2. The Notice and Notice program set forth in the Stipulated Motion and accompanying exhibits are reasonable and the most practicable notice under the circumstances of this case, and Notice in the form and manner requested is authorized by United States first class mail to all 102 persons to inform them of their right to opt-in to this overtime lawsuit. More specifically,

    a. Kenco shall provide plaintiffs' counsel with a list containing the names, addresses, and job titles of all 102 potential opt-in members described in the Stipulated Motion and exhibits **on or before September 5, 2012**;

  b. Plaintiffs' counsel is authorized to send the list of potential opt-in members to the United States Post Office and to use skip tracing, if necessary, to obtain the best possible contact information for the potential opt-in members;

  c. Plaintiffs' counsel is authorized to distribute the Notice set forth in Exhibit B via first class United States mail only;

  d. Plaintiffs' counsel is authorized to include a pre-stamped return envelope and the agree-to Opt-In Consent Form in Exhibit A with each Notice mailed; and

  e. A secondary mailing of the Notice materials is authorized, if the first mailings are returned as undeliverable. In such an instance, plaintiffs' counsel may engage a vendor to secure follow-up addresses for a second mailing of the approved Notice materials which may not be made more than sixty days after the first Notice mailing;

3. The Notice and Opt-in forms shall be mailed by plaintiffs on or before **September 26, 2012.** The Opt-in form must be returned and filed with the court **on or before November 27, 2012.** The class shall be closed as of **November 27, 2012.**

**IT IS SO ORDERED**.

**DATED** this 28th day of August, 2012.

          _____
          MARK W. BENNETT
          U.S. DISTRICT COURT JUDGE
          NORTHERN DISTRICT OF IOWA